UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61300-CIV-SEITZ/O'SULLIVAN

INTEGON NATIONAL INSURANCE
COMPANY,

       Plaintiff,

v.

BEN'S RELIABLE ROOFING, INC.,
et al.,

       Defendants.
_____/

## ORDER DENYING INTEGON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, DENYING MOTION FOR DEFAULT JUDGMENT AND EXTENDING DISCOVERY DEADLINE

THIS MATTER is before the Court on Integon National Insurance Company's Motion for Summary Judgment [DE-23] and Motion For Default Judgment [DE-38]. This is a declaratory judgment action against Defendants, Ben's Reliable Roofing, Inc. ("Ben's Reliable") and The Estate of Fernando Antonio Casteneda ("the Estate"), in which Plaintiff, Integon National Insurance Company ("Integon"), asks the Court to resolve a contract interpretation dispute it has with Defendants. Specifically, Integon seeks a judgment declaring that it has no duty to defend or indemnify Ben's Reliable under an auto insurance policy for wrongful death damages sought by the Estate in an underlying action ("Underlying Action"). Integon moves for summary judgment, claiming that the undisputed evidence shows as a matter of law that (1) the driver of the vehicle involved in the accident that resulted in the Underlying Action is not listed under the Schedule of Drivers and does not otherwise qualify as an "insured" under any other provision of the policy, and (2) the vehicle involved in the accident resulting in the Underlying Action is not listed in the

1

Schedule of Covered Vehicles and does not otherwise qualify as an "Insured Auto" under any other provision of the policy. Having found that Integon has not yet presented sufficient evidence to show that coverage does not exist, the Court will deny the Motion for Summary Judgment. The Court will also deny Integon's Motion For Default Judgment against Ben's Reliable because it has not alleged facts entitling it to a judgment that it owes no duty to defend or indemnify Ben's Reliable.

### 1. Factual Background

The following facts are undisputed or presented in the light most favorable to Defendants.

#### a. Insurance Contract

In 2005, Integon and Ben's Reliable entered into Florida Commercial Auto Insurance Policy # FLC9934828 ("Auto Policy") with an effective policy period of October 26, 2005 through April 26, 2006. (DE-23-11, Auto Policy at 3). Part I of the Auto Policy provides coverage to Ben's Reliable for damages arising from personal injury or bodily injury for which "any insured becomes legally responsible because of an auto accident arising out of the ownership, maintenance or use of . . . your[1] insured auto." (Auto Policy at 23).[2] Part I of the Auto Policy defines the term "insured" as follows:

1. You while driving your insured auto.
2. Any additional driver listed on your Declarations Page, but only while driving your insured auto.

---

[1] Under the Auto Policy, "you" or "your" is defined, in part, as "the organization shown in the Declarations Page as the named insured." (Auto Policy at 21). Although the Auto Policy does not clearly label a particular page or set of pages as a "Declarations Page," the Parties do not dispute that the Schedule of Drivers and the Schedule of Covered Vehicles are part of the Declarations Page. The named insured on those Schedules is Ben's Reliable. (DE-12, DE-13).

[2] Various intermittent words in the Auto Policy are printed in bold, so many that the Court is concerned that an unitiated reader could be confused if the provisions of the Auto Policy were recreated in this Order in their original typeface. To prevent confusion, the Court will quote the provisions of the Auto Policy in standard typeface.

> 3. You while driving any auto other than your insured auto, except:
>    a. an auto you hire or borrow from your employees or members of your household.
>    b. autos furnished for your regular or frequent use.
>    c. an auto hired by you unless it is specifically listed in the Declarations Page.
> 4. Any other person or organization with respect only to legal liability of that person or organization for acts or omissions of any person covered under this Part while driving your insured auto. However, the owner or anyone else from whom you hire or borrow an insured auto is an insured only if that auto is a trailer connected to your insured auto you own.
> 5. Anyone else driving your insured auto with your expressed permission and within the scope of that expressed permission. However, the owner or anyone else from whom you hire or borrow an insured auto is an insured only if that auto is a trailer connected to your insured auto you own.[3]

(*Id.*). The Schedule of Drivers that is part of the Auto Policy's Declarations Page[4] lists only one driver, Henry Daley, License No. D400380511720. (DE-23-13).

Furthermore, the Auto Policy defines "[y]our Insured Auto" as:

> a. Any auto described in the Declarations Page, but only for coverages for which a premium charge is shown and any auto you replace it with . . . .
>
> b. Any additional auto which you acquire during the policy period provided we insure all autos that you own. If you want coverage ... to apply to the additional auto you must notify us within 30 days of its acquisition....
>
> c. Any auto not owned by you while you are temporarily driving it as a substitute for any other auto described in this definition because of its withdrawal from normal use due to breakdown, repair, servicing, loss, or destruction . . . .

(Auto Policy at 21). The Schedule of Covered Vehicles that is part of the Auto Policy's Declarations Page lists only one covered auto, a 1998 Ford dump truck, Vin # 1FDNF80C8WVA31694. (DE-23-12).

---

[3] Integon omits this fifth category of insureds in the text of its Complaint though it quotes the other four categories. (Complaint at 8).

[4] Integon has filed the Schedule of Drivers and Schedule of Covered Vehicle as exhibits separate and apart from the Auto Policy, but the Parties do not dispute that those Schedules are part of the Auto Policy in question.

### b. Underlying Action Against Defendants

The dispute before the Court arises out of a wrongful death action the Estate has filed against Ben's Reliable in state court. On February 20, 2006, Fernando Castaneda ("Decedent") was killed when his vehicle was struck by a 2000 Ford pick up truck ("2000 Ford Pick Up Truck") owned by Rigoberto Duarte ("Duarte") and driven by Eswin Espina ("Espina"). (DE-23-5, Estate's Second Amended Complaint For Damages in Underlying Action ("Second Amended Complaint"). On October 26, 2006, Decedent's Estate filed a wrongful death action against Duarte and Espina in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (DE-23-1, Estate's Initial Complaint in Underlying Action).

On August 12, 2008, the Estate then filed a Second Amended Complaint in the Underlying Action adding as defendants both Ben's Reliable Roofing and Ben Bush Jr., the trustee and owner of Ben's Reliable Roofing. Therein, the Estate continues to allege that Duarte owns the 2000 Ford Pick Up Truck, but also claims that Ben's Reliable maintained and had control over the subject motor vehicle at the time of the accident. (Second Amended Complaint at 7). Moreover, the Estate alleges that Espina "had the consent and permission of Duarte and Ben's Reliable Roofing to drive the subject vehicle." (Second Amended Complaint at 3). According to the Estate, the negligence of Espina, Ben's Reliable and Ben Bush Jr. directly and proximately caused damages to the Estate in the form of medical expenses, funeral expenses, destruction of the Decedent's vehicle and loss of Decedent's future earnings. (Second Amended Complaint at 7-8). The Estate seeks a judgment against Espina, Ben's Reliable and Ben Bush Jr. for compensatory damages, consequential damages, interest and costs. (Second Amended Complaint at 8).

4

### c.     Declaratory Action

On August 19, 2009, Integon filed the action before this Court seeking a judgment against the Estate and Ben's Reliable declaring that Integon owes no duty to defend or indemnify Ben's Reliable in the Underlying Action. Integon moves for summary judgment, arguing that the undisputed evidence shows as a matter of law that (1) Espina, the driver of the 2000 Ford Pick Up Truck, is not listed in the Schedule of Drivers under the Auto Policy and does not otherwise qualify as an "insured" under any other provision, and (2) the Truck is not listed in the Schedule of Covered Vehicles and does not otherwise qualify as an Insured Auto under the Auto Policy. The Estate does not challenge Integon's claim that the Declaration Page fails to identify Espina as an insured driver and the Truck as an Insured Auto. However, it responds that Integon has failed to come forward with evidence to show that Espina is not included in one of the other categories of insureds or that the Truck is not included in the category of Insured Autos that are "acquire[d]" after the commencement of the Policy.

### 2.     Summary Judgment Standard

"Under Fed. R. Civ. P. 56(c), a motion for summary judgment is properly granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Additionally, "a party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *HR Acquisition I Corp. v. Twin City Fire Ins. Co.*, 547 F.3d 1309, 1314 (11th Cir. 2008) (quoting *Celotex Corp.*, 477 U.S. at 323) (internal quotation marks omitted).

"If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to show the existence of a genuine issue of fact." *HR Acquisition I Corp.*, 547 F.3d at 1314. At this point, "[t]he court will not weigh the evidence or make findings of fact; instead the court's role is to determine if there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1189 (11th Cir. 2010).

Ultimately, when deciding whether summary judgment is appropriate, the Court must "view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). However, "[i]f the non-moving party fails to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof, then the court must enter summary judgment for the moving party." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (quoting *Celotex Corp.*, 477 U.S. at 323).

### 3. Analysis

In resolving Integon's Motion For Summary Judgment, the Court must determine whether Integon has met its burden of proving that the undisputed facts show as a matter of law both (1) that the Truck is not an Insured Auto, and (2) that Espina is not an insured.

#### a. Insured Auto

In this case, for the 2000 Ford Pick Up Truck to be an Insured Auto, it must belong to one

of the three categories of Insured Autos enumerated in the Policy. The first category, encompassing all vehicles described in the Declarations Page, obviously does not apply as the Truck is not identified in the Schedule of Covered Vehicles. *See National Liability & Fire Ins. Co. v. Ameca Corp.*, 2008 WL 682511 (M.D. Fla. 2008) (granting summary judgment for the insurer when the vehicle was not listed in the declaration pages of the policy). *See also S.C. Ins. Co. v. Heuer*, 402 So. 2d at 480 (same).

However, the second category covers any autos that Ben's Reliable "acquire[d] during the policy period," and Integon has not presented any evidence reflecting when Ben's Reliable acquired the Truck. Instead, Integon argues that Ben's Reliable never "acquired" the Truck because someone else owned it. However, the Policy clearly states that in some circumstances Ben's Reliable does not have to own a vehicle to make it an Insured Auto. Part I of the Policy lists five categories of "insureds," with the last two categories addressing persons "from whom you *hire* or *borrow* an insured auto." (emphasis added). As the Policy clearly states that in some circumstances Ben's Reliable does not have to own a vehicle for it to be an Insured Auto, the Policy is at least ambiguous as to whether Ben's Reliable must obtain legal title in a vehicle to "acquire" it as an Insured Auto under the second category.[5] *See Travelers Indem. Co. v. PCR Inc.*, 326 F.3d 1190, 1193 (11th Cir. 2003) ("if the relevant policy language is susceptible to more than one reasonable interpretation ... the insurance policy is considered ambiguous").

---

[5] Under a standard definition of the word "acquire," one does not necessarily need to assume legal title or ownership over an object to acquire it. *See* Merriam-Webster's Collegiate Dictionary (10th ed. 1998) at 10, 909 (defining "acquire" as "to come into possession or control of often *by unspecified means*") (emphasis added); ("possess" means either "control or occupancy of property *without regard to ownership*" or "something owned, occupied *or* controlled") (emphasis added).

Moreover, while it is possible that the Parties intended for loaner vehicles to be the only category of Insured Autos that Ben's Reliable does not own, such that the category of insureds described above refers only to the owners of temporary vehicles, that intent *is* simply not clear from the Policy's language.

7

Moreover, Integon has presented no evidence indicating when Ben's Reliable acquired the Truck, whether Integon already insured all of Ben's Reliable's other vehicles, or whether Ben's Reliable even notified Integon that Ben's Reliable had acquired the Truck. While documentary or affidavit evidence on these issues would not have been difficult for Integon to produced, it has not come forward with such evidence and, accordingly, the Court cannot find that the Policy precludes coverage under the second "after-acquired" category of Insured Autos as a matter of law.[6]

### b. Insured Driver

Integon also claims that Espina cannot be an "insured" under the Policy. However, even though Espina is not listed on the Schedule of Drivers, Integon fails to provide any evidence to show that the fifth category of insureds, persons "driving [Ben's Reliable's] insured auto with [Ben's Reliable's] expressed permission and within the scope of that expressed permission," does not apply to Espina. Because Integon has not provided undisputed evidence to show either that the Truck cannot be an Insured Auto, or that Espina cannot be an insured, the Court will deny Integon's Motion For Summary Judgment.

### 4. Motion For Default Judgment

The Court will deny Integon's Motion For Default Judgment against Ben's Reliable.[7]

---

[6] The Estate does not attempt to claim that the Truck could fall under the third category of Insured Autos, the "loaner" category described above. As a result, the Court will not address that category.

Moreover, even though Integon has filed a pleading in a related action claiming that another insurer, First Commercial Insurer Company ("FCIC") has entered into a similar policy with Duarte that expressly covers accidents involving the Truck, see DE-39-2, there is no evidence indicating that existence of the FCIC policy precludes coverage under the Integon policy.

[7] The proprietor of Ben's Reliable, Ben Bush Jr., filed a letter with the Court stating that Ben's Reliable was no longer in business and claiming that it had no involvement in the accident [DE-7]. However, it is "well established that a corporation is an artificial entity that can act only through its agents, cannot appear *pro se*, and

Integon has proffered virtually the same facts in its Complaint as in its Motion For Summary to show Integon does not owe coverage, and the Court has found that the facts raised in its Motion For Summary Judgment are insufficient to compel the conclusion that Integon is free from obligation. As a result, the Court will deny Integon's Motion For Default Judgment because the factual allegations in the Complaint, even taken as true, do not establish Integon is entitled to the requested declaratory judgment against Ben's Reliable. Having carefully considered Integon's Motions, it is hereby

ORDERED THAT

(1) Integon National Insurance Company's Motion For Summary Judgment [DE-23] is DENIED.

(2) Integon's Motion For Default Judgment [DE-38] is DENIED.

(3) Integon can file a renewed motion for summary judgment renew at the close of discovery. The discovery deadline set at August 30, 2010 in the January 29, 2010 Pretrial Order [DE-13] is extended until **October 15, 2010. All other deadlines in the Pretrial Order shall remain the same.**

DONE AND ORDERED in Miami, Florida this 2nd day of August, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.3d 1381, 1385 (11th Cir. 1995). As a result, the Court afforded Integon the opportunity to file a Motion For Default Judgment in an Order entered April 13, 2010 [DE-26]. Nevertheless, even though Ben's Reliable cannot appear *pro se*, Integon still must establish that the facts in its Complaint entitle Integon to the requested judgment in order to obtain a default judgment against Ben's Reliable.